STEVINSON AUTO AND ELECTRICAL SCHOOL, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

BOOKWALTER, J.

(No. 5532—)

MARY M. WILSON AND WAYNE W. WILSON, d/b/a HAWTHORNE DRUG COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 11, 1969.*

STUART, NEAGLE AND WEST, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

PERLIN, C.J.

Claimants seek recovery of the sum of $272.45 for damages done to claimants' drug store when one Walter R. Bunge, an inmate of the Galesburg State Research Hospital, escaped on October 10, 1967.

The action is brought pursuant to the following provision:

Whenever a claim is filed . . . . for damages resulting from personal injuries or damages to property, or both, or for damages resulting from property being stolen, heretofore or hereafter caused by an inmate who has escaped from a charitable, penal, reformatory or other institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Mental Health, . . . . shall conduct an investigation to determine the cause, nature and extent of the damages, and, if it be found after investigation that the damage was caused by one who had been an inmate of such institution and had escaped, the Department or Commission may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have the power to hear and determine such claims. (Ch. 23, Sec. 4041, Ill.Rev.Stat., 1967)

The evidence reveals the following undisputed facts:

On October 10, 1967, and for approximately seven years prior thereto, Walter R. Bunge was an inmate of the Galesburg State Research Hospital, Galesburg, Illinois. The hospital is an institution operated and maintained by the State of Illinois through its Department of Mental Health.

Terry Moon, a psychiatric social worker at the hospital, testified that prior to October 10, 1967, Mr. Bunge escaped from the hospital seven times, and that on some of those occasions he attempted to take his life. The records of the hospital showed that Bunge escaped about 7:30 p.m. on the day in question, and returned the same evening. The hospital file also reflected that Mr. Bunge broke into the Hawthorne Drug Store in Galesburg, Illinois, at that time,

and while at the store he attempted to commit suicide by cutting his left wrist with a razor blade. Mr. Moon further testified that Mr. Bunge has had another unauthorized absence from the hospital since that date. Mr. Moon stated:

"Walter ruminates of suicide, and consequently suicide precautions are taken for him in the hospital, watched particularly close. However, he does not reside on a closed ward. He has freedom to move through the hospital, as most of our patients do."

On the occasions when he escaped he just walked out of the hospital, according to Mr. Moon.

Wayne Wilson, claimant, testified that he and Mary M. Wilson were the owners of the Hawthorne Drug Company located at 15 East Main in Galesburg, and that on October 11, 1967, he received a call from the police department in the early morning hours that someone had broken into his store. He went to the drug store, and observed that the glass in the front door had been broken. There was glass inside the store from the door, and on the east side of the store "the carpeting was saturated with blood, and the merchandise and the shelves on the north end of the prescription counter was all bloody."

Mr. Wilson further testified that he had the door boarded up, and the carpeting was cleaned the next morning, but that the carpet cleaners could not remove all the blood stains. There were twelve square yards of carpeting, which had been installed a year before October 10, 1967, which remained stained. Nothing was stolen, except a pack of razor blades was lying on the counter, and one had been removed.

Claimant contends that respondent was negligent in not providing adequate supervision and confinement of Mr. Bunge; that his suicidal tendencies are such that "he should be under constant supervision, not only for the protection of the patient, but also for the safety and well-being of the person and property of others, and the public generally"; that he has escaped nine times from the hospital,

and has attempted to take his life on some occasions.

Respondent argues that on the other occasions of Mr. Bunge's unauthorized absences, he had returned the same day without incident of any kind or harm to any property or any member of the public, and it could not be foreseen that the patient would leave the hospital to break into a store, get hold of a razor blade, and attempt suicide in the store.

Respondent further notes that claimant was reimbursed in the amount of $91.00 by his insurance carrier for some of the damage, which amount should be deducted from any award.

The Court must conclude that respondent was negligent in its supervision of a patient who had escaped seven times prior to the occasion in question, and had tried to take his life at least some of those times. Although he was watched particularly close while in the hospital, it is apparent that no precautions were taken to see that he remained in the institution to which he was confined. A finding of negligence does not necessitate a finding that the specific act committed by an escaped inmate could have been foreseen. Respondent had ample reason to foresee that an escape by the patient could result in harm to himself or to the public.

Claimants are hereby awarded the sum of $181.45, being the amount claimed less the $91.00 paid by the insurance carrier.